IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLEVELAND POWELL,

                    Plaintiff,

  v.                                                                  OPINION & ORDER

PRICE COUNTY and WISCONSIN COUNTY                    16-cv-445-jdp
MUTUAL INSURANCE COMPANY,

                    Defendants.

---

Plaintiff Cleveland Powell is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at the Racine Correctional Institution. Powell filed a complaint in state court regarding conditions of confinement during his time at the Price County Jail. Specifically, Powell claims he sustained injuries as a result of having to navigate a non-handicap-accessible shower at the jail. Defendants removed the case to this court. Dkt. 1.

Now defendants move for summary judgment on Powell's federal claims for failure to exhaust administrative remedies. Dkt. 9. The court will grant defendants' motion and remand his state-law claim to the Circuit Court for Price County, Wisconsin.

ALLEGATIONS OF FACT

Powell is disabled: he has a prosthetic leg. While incarcerated at the Price County Jail between January 15, 2013, and February 7, 2013, Powell fell and injured himself while attempting to use a non-handicap-accessible shower. He fell twice: once on January 24, 2013, and once on February 5, 2013. Powell alleges that Price County failed to provide safe means for Powell to access the shower. Powell alleges violations of the Americans with Disabilities

Act (ADA), the Eighth Amendment, and the Fourteenth Amendment. Powell also brings a state-law negligence claim.

## ANALYSIS

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999) (exhaustion "narrow[s] a dispute [and] avoid[s] the need for litigation").

To comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including following the instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Price County Jail Rules, Regulations, and Information handbook provides that inmates must submit a written grievance to the on-duty jailer or the jail administrator if they believe that jail personnel have violated their rights. Dkt. 12-1, at 11. Inmates may appeal

2

grievance decisions "to the next level all the way up to and including the Sheriff." *Id.* The sheriff makes all final decisions.

Powell received a copy of the Price County Jail Rules, Regulations, and Information handbook when he arrived at the jail. He signed a form acknowledging his receipt of the rules on January 15, 2013. Dkt. 12-2. The jail also posts the rules in each cell.

Price County Jail records indicate that Powell submitted two written "Request Slips" during his time at the jail. One, dated January 21, 2013, requested an opportunity to speak with the jail administrator. Dkt. 12-3. The request was granted, and during his meeting with the jail administrator, Powell verbally requested to be transferred to the Ashland County Jail (a handicap-accessible facility), and, if not, that the Price County Jail install grab bars in the showers. *Id.* The jail administrator had maintenance install grab bars in the shower area, but not inside the showers themselves. Dkt. 12, ¶ 15 and Dkt. 17. Powell's second Request Slip, dated January 28, 2013, again requested an opportunity to speak with the jail administrator. Dkt. 12-4. This time, Powell verbally requested medical care. *Id.* The jail administrator advised Powell to use a Request Slip to make an appointment with the jail nurse. *Id.* Powell also verbally requested an additional grab bar inside the showers; the jail administrator denied the additional request. *Id.*

Powell contends that he exhausted those grievance procedures *that were available to him*. Powell states that he asked to speak to the sheriff, but the jail administrator denied his request. The grievance procedures do not require appeals to the sheriff be in writing. And in light of the fact that Powell transferred to the Ashland County Jail a mere two days after his second fall, he had no reason to pursue his claims any further.

3

The parties do not dispute the material facts; the court must determine whether Powell's actions were sufficient to exhaust his administrative remedies. Powell essentially argues that he diligently pursued his claims regarding the shower conditions during his three weeks at the Price County Jail. But diligence is not the same as exhaustion. The reality is that Powell never formally initiated the grievance process. He attempted to informally address his concerns with the showers by requesting to speak to the jail administrator, but after he received unsatisfactory answers, he never filed a formal, written grievance. The only thing that Powell ever put in writing was his request to speak to the jail administrator. Powell never filed any written grievance in response to his conversations with the jail administrator.

Section 1997e(a)'s "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The only "exception" to the exhaustion requirement is that a prisoner need not exhaust remedies if they are not "available." *Id.* "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Aside from the availability exception, the PLRA forecloses judicial discretion. *Id.* at 1857.

Nothing in the record indicates that Powell was unable to file written grievances following his conversations with the jail administrator. The fact that Powell's time at the jail was relatively short does not mean that administrative remedies were not available to him. The record is clear that although Powell did raise concerns regarding the Price County Jail's showers and their lack of handicap accessibility, Powell never filed written grievances. The court will dismiss Powell's federal claims for failure to exhaust administrative remedies.

All parties agree that if the court dismisses Powell's federal claims, the court should remand his remaining state-law claim to the Circuit Court for Price County, Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendants Price County and Wisconsin County Mutual Insurance Company's motion for summary judgment for failure to exhaust administrative remedies, Dkt. 9, is GRANTED.

2. Plaintiff Cleveland Powell's federal claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's remaining state-law claim is REMANDED to the Price County Circuit Court. The clerk of court is directed to return the record of this case to the state.

4. The clerk of court is directed to close this case.

Entered November 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge